JAMES G. SNELL, Bar No. 173070
JSnell@perkinscoie.com
LAUREN B. COHEN, Bar No. 285018
LCohen@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Defendant
QUICKEN LOANS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MAGHEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiff,<br><br>    v.<br><br>QUICKEN LOANS INC.,<br><br>            Defendant. | Case No. 2:14-cv-03840-DMG-FFM<br><br>**DEFENDANT QUICKEN LOANS INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br><u>Hearing</u><br><br>Date:      April 24, 2015<br>Time:      9:30 AM<br>Dept.:     Courtroom 7<br>Judge:     Hon. Dolly M. Gee |

Pursuant to Federal Rule of Evidence 201, Defendant Quicken Loans Inc. ("Quicken Loans") respectfully requests that the Court take judicial notice of the following attached documents, which are submitted in support of Quicken Loans' Motion for Summary Judgment:

1.   Exhibit 1 is a true and correct copy of the California Assembly Interim Committee on Criminal Procedure's report entitled "Telephone Monitoring Devices;"

2.   Exhibit 2 is a true and correct copy of the Digest of Assembly Bill 860, as amended on April 20, 1967;

3.   Exhibit 3 is a true and correct copy of the Digest of Senate Amendments to Assembly Bill No. 860;

4.   Exhibit 4 is a true and correct copy of a letter from Jesse Unruh to Charles L. Gould dated June 20, 1967;

5.   Exhibit 5 is a true and correct copy of the Statement Relative to Assembly Bill 860;

6.   Exhibit 6 is a true and correct copy of the Statement for the Floor on Assembly Bill 860, dated June 19, 1967;

7.   Exhibit 7 is a true and correct copy of a letter from Assembly Member Jesse M. Unruh to Hon. Ronald Reagan, dated July 31, 1967;

8.   Exhibit 8 is a true and correct copy of a letter from Carl M. Holmes to Ronald Reagan dated August 4, 1967;

9.   Exhibit 9 is a true and correct copy of *Turner v. W. Dental Servs., Inc.*, Case No. BC478188 (Cal. Super. Ct. Dec. 31, 2012) (ruling on demurrer);

10.  Exhibit 10 is a true and correct copy of *Lopez v. Freeway Ins. Servs., Inc.*, Case No. BC475077 (Jan. 15, 2013);

11.  Exhibit 11 is a true and correct copy of *Re Monitoring of Tel. Conversations*, 11 CPUC 2d 692 (1983);

-1-

1    12.    Exhibit 12 is a true and correct copy of the Complaint filed in *Justin*
2           *Maghen v. Discover Home Loans, Inc.*, Case No. 2:14-cv-00628, dated
3           January 27, 2014; and
4    13.    Exhibit 13 is a true and correct copy of the Complaint filed in *Justin*
5           *Maghen v. Overstock.com Insurance Agency*, Case No. 2:14-cv-03818,
6           dated May 16, 2014.

7    Other courts have taken judicial notice of the legislative history Quicken
8    Loans seeks to introduce as evidence here.  The court in *Young v. Hilton*
9    *Worldwide, Inc.* considered and admitted legislative history Quicken Loans relies
10   on here, and found that Hilton's call recording practices were exempted by CIPA.
11   565 Fed. Appx. 595, 597-98 (9th Cir. Mar. 20, 2014) (Motz, J., dissenting).  Other
12   courts have admitted similar evidence in CIPA cases.  *See, e.g., Zephyr v. Saxon*
13   *Mortgage Servs., Inc.*, 873 F. Supp. 2d 1223, 1231 (E.D. Cal. 2012) (granting
14   judicial notice of Section 632's legislative history because it "relate[d] to the matter
15   at issue: specifically, the meaning of Section 632); *Turner v. W. Dental Servs., Inc.*,
16   Case No. BC478188 (Cal. Super. Ct. Dec. 31, 2012) (considering legislative history
17   and sustaining a demurrer to claims under Section 632 and 632.7).

18   This Court previously denied Quicken Loans' Request for Judicial Notice in
19   connection with its Motion to Dismiss on the grounds that the legislative history
20   was irrelevant for the reasons discussed in the order.  Specifically, the Court found
21   that while the service-observing exception issue is a matter of law it was premature
22   at the Motion to Dismiss Stage to determine that issue.  (Dkt. 25).  However, at the
23   Case Management Conference on January 16, 2015, this Court invited Quicken
24   Loans to brief the issue.  The aforementioned legislative history is thus now
25   relevant and should be admitted by the Court.

26   Federal Rule of Evidence 201(b) provides that "[t]he court may judicially
27   notice a fact that is not subject to reasonable dispute because it: (1) is generally
28   known within the territorial jurisdiction of the trial court; or (2) can be accurately

-2-

1    and readily determined from sources whose accuracy cannot be reasonably

2    questioned."

3        Federal courts routinely take judicial notice of the legislative history of state

4    statutes.  *See, e.g.*, *Sprint PCS Assets, L.L.C. v. City of La Canada Flintridge*, 435

5    F. 3d 993, 997 (9th Cir. 2006) (taking judicial notice of the legislative history of a

6    California Public Utilities Code section); *Chaker v. Crogan*, 428 F.3d 1215, 1223

7    n.8 (9th Cir. 2005) (granting plaintiff's request to take judicial notice of the

8    legislative history of California Penal Code section 148.6); *Louie v. McCormick &*

9    *Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (taking

10   judicial notice of certain portions of the legislative history of California Labor Code

11   section 351 for ruling on motion to dismiss).

12       Statements of an individual legislator, such as a bill's author, may be

13   considered in construing a statute when such statements "constitute[] a reiteration

14   of legislative discussion and events leading to adoption of proposed [language]

15   rather than merely an expression of personal opinion."  *People v. Superior Court*,

16   132 Cal. App. 4th 1525, 1531-33 (2005) (taking judicial notice of "two letters to the

17   Governor from the bill's author . . . urging passage of the legislation"); *Faulder v.*

18   *Mendocino County Bd. of Supervisors*, 144 Cal. App. 4th 1362, 1376 n.4 (2006)

19   (taking judicial notice of "letter from the sponsor . . . to the Governor" transmitting

20   final version of bill for passage).  Similarly, once a federal court takes judicial

21   notice of the statement of an individual legislator, the court will then give proper

22   weight to the statement in construing the statute.  *Rocky Mountain Farmers Union v.*

23   *Goldstene*, 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) ("To the extent that the

24   legislative histories . . . represent the statements of individual legislators, this Court

25   will consider the weight to give to the statements. . . .").  Thus, the Court should

26   take judicial notice of Assemblyman Unruh's letter to Governor Reagan,

27   contemporaneous with the final bill and urging its passage, which recounted the

28   collective deliberations and intent of the legislature.

-3-

1    Taking judicial notice of the relevant legislative history is appropriate in this
2    case as the legislative record can be "accurately and readily determined," and its
3    "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

4    Similarly, California Evidence Code section 452 authorizes California courts
5    to take judicial notice of "[t]he decisional, constitutional, and statutory law of any
6    state of the United States, . . . [r]egulations and legislative enactments issued by or
7    under the authority of the United States," and "[o]fficial acts of the legislative,
8    executive, and judicial departments of the United States and any state." Cal. Evid.
9    Code § 452(a)-(c). Under this section, California courts take judicial notice of "the
10   legislative history of pertinent statutes." *Rotolo v. San Jose Sports & Entm't, LLC*,
11   151 Cal. App. 4th 307, 318 & n.4 (2007) (taking judicial notice of legislative
12   history of statutes governing acquisition and use of defibrillators); *see also Elsner
13   v. Uveges*, 34 Cal. 4th 915, 929 n.10 (2004) ("tak[ing] judicial notice of the
14   legislative history of [an] Assembly Bill"); *Richardson- Tunnell v. School Ins.
15   Program for Employees (SIPE)*, 157 Cal. App. 4th 1056, 1061 (2007) (taking
16   judicial notice of legislative history of civil invasion of privacy act, CAL. CIVIL
17   CODE § 1708.8).

18   For the foregoing reasons, Quicken Loans respectfully requests that the Court
19   take judicial notice of Exhibits 1-13 attached hereto.

20

21   DATED:  March 27, 2015                    **PERKINS COIE LLP**

22

23                                            By: */s/ James G. Snell*
                                                  JAMES G. SNELL

24                                            Attorneys for Defendant
25                                            QUICKEN LOANS INC.

26

27

28

-4-