April 25, 1967

DIGEST OF ASSEMBLY BILL 860
(As Amended, April 20, 1967)

by
Assembly Speaker Jesse M. Unruh

Relative to Invasions of Privacy

1. WIRETAPPING

Existing law, Penal Code Section 640, allows a person who is not a party to a telephone conversation to listen in if he has the consent of one party. This legislation would require that all parties to a telephone conversation must give their consent before an outsider may legally overhear it. This would protect a person placing or receiving a telephone call from a situation where the person on the other end of the line permits an outsider to tap his telephone or listen in on the call.

Assembly Bill 860 would also make it clear that privately owned telephone systems in homes, offices, and industrial plants are included within the wiretapping prohibition. Section 640 now prohibits the unauthorized placing of taps upon "any telegraph or telephone wire, line, cable, or instrument under the control of any telegraph or telephone company." The bill would broaden this prohibition to cover the placing of taps on the wires, lines, cables, or instruments of "any internal telephonic communication system." This is an especially serious problem today in view of increasing industrial spying and the theft of trade secrets by competitors.

- 2 -

Assembly Bill 860 would also revise the criminal penalties for wiretapping. Upon conviction a wiretapper may now be fined up to $5,000, or imprisoned in the county jail for a period of one year, or in state prison for a period not exceeding five years, or subject to both fine and imprisonment. This bill would provide a lesser punishment for a first conviction and a more severe punishment for a second conviction. A first offense would be punishable by a fine of not more than $2,500, or by imprisonment in the county jail for one year, or in state prison for a period not exceeding three years, or by both fine and imprisonment. A second offense could be punished by a $10,000 fine, or imprisonment in the county jail for one year, or in state prison for not more than five years, or by both a fine and imprisonment.

In addition, the bill provides that information obtained by means of wiretapping shall not be admissible as evidence in any judicial, administrative, legislative, or other proceeding. A similar provision is now contained the the statute which prohibits electronic eavesdropping, but it does not apply to evidence obtained by means of a wiretap.

The bill specifically excludes from the wiretapping prohibition law enforcement agencies, or district attorneys and deputy state attorneys general, who must utilize wiretapping in the course of their duties. The telephone company is also excluded, since it must of necessity often listen in on phone conversations to maintain their system.

PAGE 14
EXHIBIT 2

- 3 -

Finally, telephone subscribers are excluded from coverage with respect to their use of "service-observing equipment", but only with approval of the Public Utilities Commission.

### 2. ELECTRONIC EAVESDROPPING

Assembly Bill 860 would change the law to require that all parties to a confidential communication must give their consent before it may be listened to or recorded by means of any electronic amplifying or recording device. Under existing law, Penal Code Section 653j, confidential conversations may be eavesdropped upon or recorded if only one party to the conversation gives his consent.

This legislation would also increase the criminal penalties for electronic eavesdropping. At present, illegal electronic eavesdropping is only a misdemeanor. It is punishable by imprisonment in the county jail for a period of one year or by a fine of up to $1,000, or by both such fine and imprisonment. The bill would provide that a first offense is punishable by a fine of not more than $2,500, or by imprisonment in the county jail for not more than one year, or in state prison for up to three years, or by both imprisonment and fine. A second offense could be punished by a fine of up to $10,000, or by imprisonment in the county jail for one year, or in state prison for a period not exceeding five years, or by both a fine and imprisonment. Thus, the penalties for electronic eavesdropping would be the same

- 4 -

as those provided for wiretapping. This all-party consent requirement also is inapplicable to law enforcement officers or agencies.

### 3. TRESPASSING ON PRIVATE PROPERTY TO PLACE AN EAVESDROPPING DEVICE

Proposed Section 634 of the bill carries over, with some changes, Section 653h of the Penal Code, relating to trespass to install a listening device, specifically including a dictograph. Since dictographs are no longer used, the section has been generalized to include any listening device. In addition, the penalties for such trespass have been broadened to conform with the uniform penalties for a first and for subsequent offense contained elsewhere in the bill. The present exception to this section which would permit law enforcement officers to trespass for this purpose without a search warrant has been dropped, since recent United States Supreme Court cases have clearly declared such action.

### 4. MANUFACTURE, SALE, ADVERTISING FOR SALE, OR POSSESSION OF EAVESDROPPING EQUIPMENT

Modern wiretapping and eavesdropping equipment is difficult to detect after it has been placed on a telephone line or installed in a room. Electronic detection techniques are available; however, they are expensive and they may not provide complete assurance that a telephone system or meeting place is free of eavesdropping devices. Therefore,

PAGE 16
EXHIBIT 2

- 5 -

any realistic attack upon modern eavesdropping practices must seek to control the manufacture, sale, and possession of the devices themselves.

Assembly Bill 860 would make it a crime to manufacture, sell, offer for sale, advertise for sale, possess, transport, or import any device "which is primarily or exclusively designed or intended for eavesdropping upon the communication of another." In effect, eavesdropping devices would be placed in the category of contraband items and treated in the manner that the law treats such things as narcotics, burglary tools, and machine guns. A violation of this portion of the bill would be subject to the same criminal penalties applicable to the actual use of wiretapping and eavesdropping devices.

Specifically exempted from the criminal and civil penalties of this section are purchase or use of such devices by law enforcement agencies, agencies of the federal government, a communication utility which must use such devices for the maintenance of their facilities, or a subscriber of telephone or other communication utility services if approved by the Public Utility Commission.

5. CIVIL REMEDIES

The legislation also provides civil remedies for persons who are the victims of eavesdropping or wiretapping activity. A person injured by any violation of the chapter on invasion of privacy could bring

- 6 -

a civil suit for the collection of damages. In that action he could recover a minimum of $500 or an amount equal to three times the actual damage he suffered by the invasion of his privacy. In the same suit, or in a separate action, he could also seek to enjoin the eavesdropping. The bill specifically provides that it would not be necessary for a plaintiff to show that he suffered or is threatened with actual damage in order to maintain either an action for damages or an injunction.

The availability of a civil action for the recovery of triple damages should prove to be an effective deterrent in cases where wiretapping or eavesdropping is connected with industrial espionage. In such cases the possible economic rewards might be so great that they would outweigh the threat of criminal penalties. But a large civil damage award, such as could be obtained in a triple damage suit, might in fact discourage the activity.

### 6. LEGISLATIVE INTENT

The bill carries a section of legislative intent which clearly declares that while the Legislature recognizes the dangers posed to the general public by the increasing development of sophisticated eavesdropping and wiretapping devices, there is no intention to change present law in this area as it relates to law enforcement agencies or officers, acting in the course of their employment.

The bill also recodifies the many widely separated sections of the Penal Code relating to invasions of privacy, and places them in a single chapter of the Code on that subject.

##################