Sacramento, California
June 30, 1967

Mr. Charles L. Gould
Publisher, San Francisco Examiner
Fifth and Mission Streets
San Francisco, California

Dear Mr. Gould:

In reply to your editorial of June 29, 1967, concerning the anti-eavesdropping bill which I have introduced at this session of the Legislature, permit me to differ with your view that this legislation, Assembly Bill 860, "goes too far". This measure has been carefully drafted and studied by the Criminal Procedure Committee of the Assembly and the Senate Judiciary Committee. We have studiously avoided mass application of the proposed ban against invasions of the privacy of communications by exempting law enforcement officers, persons reporting violent crimes, and the justifiable use of wiretapping and eavesdropping devices by legitimate business interests.

Your editorial states that AB 860 "could be interpreted to extend to monitoring done in the business world to protect consumers". According to the attorneys for the Pacific Telephone Company, legislative committee lawyers and the State Legislative Counsel this is not the case. This legislation specifically exempts from the anti-eavesdropping ban any licensed telephone equipment regulated by the Public Utilities Commission. Under my bill, it would continue to be perfectly legal to monitor business calls, to insure proper service of customers by employees.

*JMV Legislation*
*AB 860 (1967)*

Mr. Charles L. Gould      - 2 -      June 30, 1967

      AB 860 would make unlawful clandestine overhearing, recording and eavesdropping upon an individual's private, confidential communications, an aim with which your editorial states you agree.

      Californians today face unprecedented scientific and technological advances which have made possible the development of the most insidious miniaturized forms of eavesdropping and "bugging" devices. Our citizens must have the protection which AB 860 provides to insure their Fourth Amendment right "to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures".

      If an American citizen has the right, as I believe he does, to maintain his home inviolate as "his castle", should his right to privacy over his confidential communications be any less secure? I believe it should not and cannot. The intent and purpose of AB 860 is to provide that protection.

      Sincerely,

Jesse M. Unruh
Speaker of the Assembly

JMU:bq

*San Francisco Chronicle*
*June 29, 1967*

# Goes Too Far

SPEAKER JESSE UNRUH'S bill to expand the right of privacy in communications seems assured of adoption by the Legislature. The bill has its good points but it also contains serious drawbacks that the legislators have neglected to consider.

The bill would make it a criminal offense to tap or in any other way listen to a telephone conversation without the consent of all parties. To the extent that this is aimed at the clandestine wiretapper, it is sound.

==But as we read it, the ban could be interpreted to extend to monitoring done in the business world to protect consumers. In many business fields personnel are carefully trained to carry on transactions with the general public via incoming or outgoing phone calls, or sometimes both. But experience has taught all businesses that a small percentage of employes will ignore their standing instructions and conduct themselves in a manner that takes advantage of the consumer.==

==Monitoring enables businesses to find and weed out such people, thus protecting both consumers and the reputations of the business houses.==

The Unruh bill, AB 860, could be interpreted to give a dishonest or incompetent employe a right of privacy in conducting his employer's business to which he is not entitled—and do injury to consumers in the process.

The bill also forbids the use of a tape recorder or similar device to record a confidential communication unless all parties to the communication give their consent. Exceptions are made where the confidential communication may relate to or involve certain crimes such as kidnaping and bribery.

The exceptions are well taken. But they do not cure the fundamental defect of such a ban. The defect was well stated by the U.S. Supreme Court in 1957 when it said, in Rathbun vs. the United States, that ". . . one party may not force the other to secrecy merely by using the telephone."