<u>Statement Relative to Assembly Bill 860</u>

Assembly Bill 860 makes various amendments, deletions, and additions to the Penal Code to provide increased protection for the right to privacy in communications. The legislation would not apply to the use of telephone monitoring or recording equipment by communications public utilities when such equipment is used for the purpose of construction, maintenance, conduct, or operation of the services or facilities of the public utility. Nor would the legislation apply to the normal use of such equipment by a subscriber when furnished by a communications public utility pursuant to its tariffs.

As author of this measure, it is not my intention to interfere in any way with the jurisdiction of the California Public Utilities Commission over the use of telephone monitoring and recording equipment by communications public utilities or their subscribers. The Commission now has before it a matter involving the use of such equipment. They have taken evidence and heard arguments in the case. Their decision is now pending.

The following opinion of the Legislative Counsel makes clear that Assembly Bill 860 would not affect the

- 2 -

Commission's jurisdiction in the pending matter, or in any future case involving the use of monitoring or recording equipment. Therefore, the legislation would allow the Commission to continue to exercise regulatory powers over the use of such equipment by communications public utilities and their subscribers. It is my intention that this measure should not be construed as expressing a legislative intent to either approve or disapprove such use of telephone monitoring or recording equipment.

xxxxxxxxxxx

ASSEMBLY BILL NO. 860

Digest of Senate Amendments to the Bill

1. Amendments of June 5:

   a. Makes the wiretapping and eavesdropping penalties inapplicable to telephone devices regulated and licensed by the P. U. C. This will insure that justifiable and regulated use of devices for overhearing employees' business conversations may continue unimpeded. This practice is known as "service - observing".

   b. Excludes private communications systems operated by state correctional facilities. (To meet objections of the Department of Corrections)

   c. Excludes from the prohibition against manufacture or sale of eavesdropping devices, companies which sell such devices to friendly foreign governments, as approved by the U.S. Government.

   d. Other technical re-writing.

2. Amendments of June 13:

   a. Further excludes internal communications systems operated by <u>local</u> jails and correctional facilities.

   b. Broadens exemption from the prohibitions against wiretapping and eavesdropping which applies to law enforcement officers and agencies, by applying it to chiefs of police, etc.

A-144

204

- 2 -

    c. One important amendment states that it shall not be unlawful for a private person to eavesdrop without consent of both parties <u>if</u> he has been threatened with extortion, kidnapping, bribery, robbery, burglary or making lewd phone calls, <u>and</u> he reasonably believes he is gathering evidence relative thereto.

  3. Amendments of June 16:

    a. Adds to the private person exemption in gathering evidence if threatened by a serious felony, to include any felony involving violence against the person (murder, mayhem, rape, etc.). This entire series of amendments was intended to insure that in crimes such as kidnapping, <u>if</u> the innocent parent delivers ransom to the kidnapper, he will not be guilty of a crime if he records his conversations with the alleged kidnapper.

    b. Broadens the law enforcement exemption to include officers of the California Highway Patrol.

    c. Other amendments double-joint with other bills; are technical and non-substantive.

A-145

205