June 19, 1967

STATEMENT FOR THE FLOOR
on

Assembly Bill 860
(As Amended in Senate, June 16, 1967)
Relating to Invasions of Privacy

Assembly Bill 860 represents the first major overhaul in California law relating to invasions of privacy by the use of wiretap and electronic eavesdropping devices that has been proposed since 1959.

The bill is a result of an increasingly strong conviction held by many people that as our society develops more sophisticated technology, together with the ever-increasing stakes which successful industrial espionage and eavesdropping present to the unscrupulous operator, the right of the California citizen to be reasonably secure in his private communications and conversations is seriously threatened.

The continual development and use of highly sophisticated devices for eavesdropping -- and their ready availability on the market -- creates a serious threat to our right of privacy and the free exercise of personal liberty. Assembly Bill 860 seeks to provide increased protection for the right of privacy by making various changes in the law pertaining to wiretapping, eavesdropping, and the manufacture, sale and use of the equipment which makes such activity possible.

A-146

206

LEGISLATIVE INTENT SERVICE   (800) 666-1917

- 2 -

Briefly, Assembly Bill 860 makes these major changes in our privacy laws:

1. Whereas such invasions of privacy are presently legal if only one party consents to the listening in, Assembly Bill 860 would require that _all_ parties must consent. This is a most reasonable requirement.

Presently it is entirely legal for one who receives a call to be totally unaware that it is being listened to clandestinely by another party. Likewise, a party may converse in person with another party who is secretly recording the conversation -- he may be seriously injured by that conversation, either personally or in his business affairs -- and he has no recourse at law. Assembly Bill 860 would correct this defect.

2. A second major change in the law proposed in AB 860 relates to the penalties for violation of these sections. At the present time, these penalties vary greatly, and they are scattered throughout the Penal Code. There is no differentiation in penalties for first and second violations. The type of ==individual or business enterprise which often eavesdrops for the purpose of obtaining trade secrets== is unimpressed with the present very small financial penalties for such violations, and

A-147

- 3 -

the fact that there are no increased penalties for repeated offenses almost invites violation of the law in this field. Assembly Bill 860 proposes uniform penalties for the violation of any of our "right to privacy" laws which are much stronger in the case of a second offense.

3. Thirdly, we propose to impose perhaps the most effective enforcement mechanism available, that of civil suit, upon violators of our invasion of privacy laws. Assembly Bill 860 provides that any violator of these sections may be sued by one who is eavesdropped upon, and that triple damages may be assessed against the defendant. Actual damages are not a prerequisite to such suit, and in the same or another civil action the person whose privacy is invaded may ask the court to enjoin the eavesdropper from his illegal action, through the issuance of an injunction.

4. Assembly Bill 860 would declare contraband any device sold, advertised, used or possessed "primarily for the purpose of eavesdropping." We have done the same thing in California in the case of automatic weapons, mortars, recoilless rifles and other weapons with severe destructive force.

We have made exceptions in this section of the bill for purchase and use of these devices by law enforcement agencies, agencies of the federal government, and public utilities in the communications business.

A-148

209

PAGE 31
EXHIBIT 6

- 4 -

There can be no valid purpose in allowing the sale on the open market of these sophisticated devices to just anyone in this State with a "snooping complex".

3. The Senate Judiciary Committee conducted extensive hearings on AB 860 over a period of two weeks, and a number of changes and improvements were made. In its present form, the bill would not affect in any way the use of eavesdropping devices by law enforcement agencies, acting in the normal course of their duties, nor would the bill make illegal the recording of a conversation by anyone who reasonably believes he is threatened with a serious or violent felony. Naturally, any recording which is privileged by the bill could be entered and used as evidence in a trial.

Clarifying amendments were added in the Senate which insure that ==this bill would not affect overhearing by the use of telephonic devices regulated by the tariffs of the Public Utilities Commission. Only clandestine, unregulated devices would be covered.==

Additionally, the measure employs the present legal definition of a "confidential communication" in defining conversations which would require two-party consent under the bill.

Assembly Bill 860 does not affect the use or purchase of eavesdropping devices by law enforcement agencies, nor does it affect

A-149

209

- 5 -

their use by the telephone company in maintaining its service.

But the measure, which passed the Assembly, 58 - 4, would severely restrict the private "snooper" from invading the privacy of our citizens.

If a man's home is "his castle", we should certainly insure that his private and confidential communications are likewise secure. This is the intent of Assembly Bill 860. I urge an "aye" vote.

########

A-160

210

LEGISLATIVE INTENT SERVICE (800) 666-1917

PAGE 33
EXHIBIT 6