```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

 3   DEPARTMENT NO. 68              HON. MARK V. MOONEY, JUDGE

 4   JUSTIN LOPEZ,                   )
                                     )
 5                                   )
     VS.              PLAINTIFF,     )
 6                                   ) CASE NO. BC475077
                                     )
 7   FREEWAY INSURANCE SERVICES, INC,)
                                     )
 8                                   )
                         DEFENDANT.  )
 9   _____)

10
                 REPORTER'S TRANSCRIPT OF PROCEEDINGS
11
                     TUESDAY, JANUARY 15, 2013
12
     APPEARANCES:
13
     FOR THE PLAINTIFF:
14   JUSTIN LOPEZ
                              THE WENTZ LAW FIRM
15                            BY:  RICHARD B. WENTZ
                                   ATTORNEY AT LAW
16                            2955 EAST HILLCREST DRIVE
                              SUITE 123
17                            THOUSAND OAKS, CA 91362

18                            BRAUN LAW GROUP
                              BY:  MICHAEL D. BRAUN
19                                 ATTORNEY AT LAW
                              10680 W. PICO BOULEVARD
20                            SUITE 280
                              LOS ANGELES, CALIFORNIA 90064
21

22   FOR THE DEFENDANT:
     FREEWAY INSURANCE         MICHELMAN & ROBINSON, LLP
23   SERVICES INC              BY:  MARC R. JACOBS
                                    PARTNER
24                             15760 VENTURA BOULEVARD
                               5TH FLOOR
25                             ENCINO, CALIFORNIA 91436

26                             MICHELMAN & ROBINSON, LLP
                               BY:  TODD H. STITT
27                                  ATTORNEY AT LAW
                               15760 VENTURA BOULEVARD
28                             5TH FLOOR
                               ENCINO, CALIFORNIA 91436

 1   APPEARANCES CONT:

 2

 3   REPORTED BY:  MONIQUE L. OSBY, CSR 12442
```

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
 4                           ~oOo~
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

1

 1    CASE NUMBER:          NO. BC475077

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
 2   CASE NAME:              JUSTIN LOPEZ VERSUS
 3                           FREEWAY INSURANCE SERVICES INC
 4   LOS ANGELES, CALIFORNIA, TUESDAY, JANUARY 15, 2013
 5   DEPARTMENT NO. 68       HON. MARK MOONEY, JUDGE
 6   OFFICIAL REPORTER:      MONIQUE L. OSBY, CSR 12442
 7   TIME:                   P.M. SESSION
 8   APPEARANCES:
 9           RICHARD WENTZ, ESQ., REPRESENTING
10           THE PLAINTIFF, JUSTIN LOPEZ,
11           MICHAEL D. BRAUN, ESQ., REPRESENTING
12           THE PLAINTIFF, JUSTIN LOPEZ,
13           MARC R. JACOBS, ESQ., REPRESENTING
14           THE DEFENDANT, FREEWAY INSURANCE SERVICES INC,
15           TODD H. STITT, ESQ., REPRESENTING
16           THE DEFENDANT, FREEWAY INSURANCE SERVICES INC.
17                          ~oOo~
18
19       THE COURT:  11, LOPEZ VERSUS FREEWAY INSURANCE
20   SERVICES.
21       MR. WENTZ:  GOOD AFTERNOON, YOUR HONOR.
22   RICHARD WENTZ ON BEHALF OF PLAINTIFF.
23       MR. BRAUN:  GOOD AFTERNOON, YOUR HONOR.
24   MICHAEL BRAUN ALSO ON BEHALF OF PLAINTIFF.
25       MR. JACOBS:  GOOD AFTERNOON, YOUR HONOR.
26   MARC JACOBS ON BEHALF OF THE DEFENDANT.
27       MR. STITT:  GOOD AFTERNOON, YOUR HONOR.
28   TODD STITT ON BEHALF OF DEFENDANT.
```

                                                              2

 1       THE COURT:  ALL RIGHT.  AND THIS IS DEFENDANT'S

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2  DEMURRER TO THE FIRST AMENDED COMPLAINT. AND AS I THINK YOU

3  KNOW, THE LAST TIME WE WERE HERE, I DID COMMENT ABOUT THE

4  INTERESTING NATURE OF THE CLAIM BEING MADE HERE, AND, YOU

5  KNOW, IT'S STILL INTERESTING, I THINK, TO A CERTAIN EXTENT.

6  THE -- BUT IT REALLY TENDS TO RISE AND FALL PURSUANT, YOU

7  KNOW, TO HOW MUCH WEIGHT WE WANT TO PUT ON THE LEGISLATIVE

8  HISTORY, OR DO WE CONSIDER IT AT ALL. I THINK THE COURT CAN

9  AND DOES TAKE JUDICIAL NOTICE OF THE LEGISLATIVE HISTORY,

10  AND I THINK THERE -- THAT IS, YOU KNOW, INDICATIVE THAT THE

11  -- DOES EVERYONE CALL IT CIPA OR WE GO WITH THE INITIALS

12  C-I-P-A, CIPA?

13       MR. JACOBS: CIPA.

14       THE COURT: OKAY. I DON'T KNOW. ANYWAY, YOU KNOW,

15  THE CODE SECTIONS WE'RE DEALING WITH IS 632 AND 632.7 OF THE

16  CIVIL CODE, WHAT WERE THEY MEANT FOR? AND, YOU KNOW, I

17  THINK LOOKING AT THE LEGISLATIVE HISTORY THAT I DO THINK

18  THAT IT WAS NOT INTENDED TO APPLY TO STRICTLY CIVIL ACTIONS

19  LIKE THIS THAT THE MONITORING WAS PART OF A ROUTINE BUSINESS

20  PRACTICE IN ASSURING FOR QUALITY ASSURANCE PURPOSES. I

21  THINK THAT THE LEGISLATIVE HISTORY DOES TEND TO INDICATE

22  THERE WAS NOTHING TO PREVENT OR ALLOWS CLANDESTINE

23  EAVESDROPPING FOR SOME IMPROPER PURPOSE, NOT FOR THE TYPE OF

24  SITUATION WE HAVE HERE. ANYWAY, THAT'S MY TAKE ON THE

25  LEGISLATIVE HISTORY.

26       I DO WANT TO NOTE FOR THE RECORD THAT, ALTHOUGH

27  DEFENDANTS DID REFER THE COURT TO MY ESTEEMED COLLEAGUE

28  JUDGE BUCKLEY'S RULING ON THE MATTER, I THINK SUCH A

1  REFERENCE IS TECHNICALLY A VIOLATION OF THE RULES OF COURT

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2   AND SPECIFICALLY 8 -- I THINK IT'S 1115 IN CITING TO A

3   NON-PUBLISHED DECISION OF THE COURT ESSENTIALLY. ALTHOUGH,

4   I -- SO I REALLY DIDN'T CONSIDER THAT PORTION OF THE -- OF

5   THE ARGUMENT. THE COURT CAN ACTUALLY THOUGH --

6   NEVERTHELESS, THE UNPUBLISHED FEDERAL DECISIONS DO NOT COME

7   UNDER THIS RULE. SO THE COURT CAN CONSIDER THOSE. WHICH I

8   DID ONLY FOR THEIR PERSUASIVE AUTHORITY. OBVIOUSLY, THEY'RE

9   NOT BINDING AUTHORITY.

10         BUT, YOU KNOW, YOU PUT IT ALL TOGETHER AND I JUST

11  DON'T THINK THAT THE LEGISLATIVE HISTORY JUSTIFIES PURSUING

12  THIS ACTION AGAINST THE -- THE DEFENDANTS HEREIN, BUT I'LL

13  GIVE PLAINTIFFS A CHANCE TO TRY AND CHANGE MY MIND.

14         MR. WENTZ: THANK YOU, YOUR HONOR. SO IN ORDER TO

15  CONSIDER LEGISLATIVE HISTORY YOU HAVE TO LOOK AT THE -- WHAT

16  WAS GOING ON AT THE CALIFORNIA PUBLIC UTILITIES COMMISSION

17  AT THE SAME TIME. BECAUSE IN 1965 THE PUBLIC UTILITIES

18  COMMISSION CONSIDERED BUSINESS CALL MONITORING -- CONSIDERED

19  THE SAME TYPES OF ARGUMENTS BEING OFFERED HERE THAT IT'S

20  BETTER TO DO IT IN SECRET, AND THEY ISSUED A RULING STATING

21  THAT. DESPITE THOSE ARGUMENTS, THEY VIEWED THAT THE -- THAT

22  THE CONSUMER HAS A PRIVACY INTEREST SUCH THAT BUSINESSES

23  COULD NOT MONITOR CALLS FOR QUALITY ASSURANCE WITHOUT

24  DISCLOSING TO THE CONSUMER THEY WERE DOING SO. THEY HAD

25  THAT IN 1965.

26         IN 1966 THERE WAS A PETITION FOR A RE-HEARING OF

27  THE COMMISSION'S RULING, AND THE COMMISSION THEN TOOK 27

28  DAYS -- 26 DAYS -- EXCUSE ME -- OF TESTIMONY ON THIS ISSUE

4

1   AND CONSIDERED IN GREAT DETAIL ALL OF THESE SAME ARGUMENTS

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```
 2   ABOUT WHETHER THEY SHOULD OR SHOULDN'T REQUIRE DISCLOSURE.

 3   AND WHILE THIS WAS GOING ON -- THE HEARINGS WERE ALL DONE IN

 4   1966 -- BUT CONTEMPORANEOUS WITH THE LEGISLATURE LOOKING AT

 5   CIPA, THE COMMISSION WAS EVALUATING WHETHER IT WAS GOING TO

 6   CHANGE ITS MIND, AND THIS WAS KNOWN TO THE LEGISLATURE, AS

 7   YOU CAN SEE IN THE LEGISLATIVE HISTORY REFERENCE TO THE

 8   PUBLIC UTILITIES COMMISSION JURISDICTION TO PROCEED ON THEIR

 9   RULING.  AND THE LEGISLATURE MADE A DECISION TO ENACT AN

10   EXCEPTION.  AND THE EXCEPTION -- IT'S NOT JUST FOR PUBLIC

11   UTILITIES.  THERE IS A -- ONE OF THE EXCEPTIONS JUST RELATES

12   TO PUBLIC UTILITIES FROM THEM LOOKING AT CALL QUALITY AND

13   THINGS LIKE THAT.  AND THEY SAID, YOU DON'T HAVE TO GIVE ANY

14   DISCLOSURE FOR THAT BECAUSE YOU'RE NOT EVEN LISTENING TO THE

15   SUBSTANCE.  BUT FOR SUBSCRIBERS, THEY SPECIFICALLY ISSUED A

16   RULE THAT -- AND I'M NOT EVEN GOING TO WORRY ABOUT THAT

17   FIRST COMPONENT THAT YOU USE EQUIPMENT FURNISHED BY THE

18   PUBLIC UTILITIES BECAUSE I DON'T THINK IT'S REALLY THAT

19   CRITICAL FOR THIS -- FOR THIS ISSUE.  BUT THE SECOND RULE

20   SAID THAT YOU CAN -- YOU CAN ONLY MONITOR -- YOU ONLY HAVE

21   AN EXCEPTION TO CIPA IF YOU DO THE MONITORING IN COMPLIANCE

22   WITH THE TARIFFS APPROVED BY THE CPUC.

23           AND LATER ON IN THAT YEAR IN OCTOBER, THE CPUC

24   CAME OUT WITH A RULING -- AND I DON'T KNOW IF THE COURT HAS

25   CITED THEM, BUT THEY'RE A LITTLE HARD TO FIND.  I HAVE

26   COPIES ABOVE THE 1965 RULING AND THE 1967 RULING -- BUT THE

27   COMMISSION CAME OUT AFTER CONSIDERING ALL OF THESE -- ALL OF

28   THESE DECISIONS AND SAID THAT WE BELIEVE THAT THERE'S A

 1   PRIVACY INTEREST AT STAKE AND PEOPLE HAVE A RIGHT TO

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

 2   DETERMINE, EVEN IN THE CONTEXT OF CALL MONITORING, WHETHER
 3   OR NOT THEIR CALLS SHOULD BE RECORDED.
 4           SO THE LEGISLATURE -- THE EXCEPTION -- THE
 5   EXPRESSED EXCEPTION WAS FOR MONITORING DONE IN COMPLIANCE
 6   WITH THE PUC.  SO LOOKING AT THIS ISSUE, IF THE PUC SAYS YOU
 7   CAN DO IT, THAT'S FINE.  IF THEY SAY YOU CAN'T DO IT, THAT'S
 8   FINE.  BUT YOU HAVE TO COMPLY WITH WHAT THE PUC SAYS.  AND
 9   FREEWAY'S POSITION HERE IS THAT, ALTHOUGH THE PUC ULTIMATELY
10   DECIDED THAT BUSINESSES CANNOT MONITOR CALLS WITHOUT
11   DISCLOSURE, THAT YOU'RE PERMITTED TO DO IT UNDER CIPA.  AND
12   THAT JUST MAKES NO SENSE AT ALL.
13           WHEN YOU READ THE LEGISLATIVE HISTORY AND YOU
14   UNDERSTAND THE BACKGROUND, THEN THE REFERENCES TO DOING
15   THINGS IN COMPLIANCE WITH THE PUC IN TALKING ABOUT THE PUC
16   MAKE IT VERY CLEAR THAT YOU HAVE TO -- AND THEN THE EXPRESS
17   LANGUAGE OF THE STATUTORY EXEMPTION THAT SAYS THAT YOU HAVE
18   TO DO IT PURSUANT TO THE TARIFFS, MAKE IT VERY CLEAR THAT IF
19   YOU'RE NOT COVERED BY THIS EXEMPTION, IF YOU DON'T DO IT
20   ACCORDING TO THE WAY THE CPUC DOES IT, THEN YOU DON'T FALL
21   IN THE EXEMPTION IN CIPA.
22           SO I THINK IT'S A CRITICAL DISTINCTION IN LOOKING
23   AT THE LEGISLATIVE HISTORY.  AND WHAT THE COURT RECOGNIZED,
24   YOU KNOW, AT THE OUTSET THAT THERE'S A QUESTION AS TO WHEN
25   DO YOU GET TO LEGISLATIVE HISTORY, AND YOU STARTED WITH THAT
26   HERE.  BUT WE HAVE A SITUATION WHERE WE HAVE FEDERAL CASES
27   THAT ARE IN CONFLICT.  WE HAVE THE -- I DON'T KNOW HOW TO
28   PRONOUNCE IT, YOUR HONOR -- SAJGR, S-A-J-G-R OR SOMETHING

                                                              6

 1   LIKE THAT AND THEN THE FALKNER CASE, AND THERE'S SOME

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
 2   FEDERAL COURTS THAT HAVE FOLLOWED THAT.  BUT THERE'S ALSO
 3   BEEN, AND WE CITED THEM IN OUR OPPOSITION BRIEF, A NUMBER OF
 4   FEDERAL COURTS THAT HAVE BEEN VERY CRITICAL OF THOSE
 5   INTERPRETATIONS.  AND THEY'VE BEEN CRITICAL OF THOSE
 6   INTERPRETATIONS BECAUSE THEY BELIEVE THEY DON'T FOLLOW THE
 7   CALIFORNIA SUPREME COURT'S RULING IN FLANNIGAN.  IT SAYS,
 8   THE CONTENT OF A COMMUNICATION ISN'T WHAT DETERMINES WHETHER
 9   IT'S CONFIDENTIAL OR NOT.
10            IN TRYING TO UNGRASP A BUSINESS CALL MONITORING,
11   WE CAN THEN TALK ABOUT WHAT THE PARAMETERS OF THAT MIGHT BE
12   -- WHEN IS IT BUSINESS CALL MONITORING, WHAT'S THE STANDARD
13   FOR THAT, WHERE DO YOU CROSS THE LINE.  BUT IF YOU'RE
14   LOOKING AT BUSINESS CALL MONITORING, YOU'RE ESSENTIALLY
15   LOOKING AT THE CONTENT OF THE COMMUNICATION, AND THERE'S
16   BEEN NO STATE CASE THAT THIS COURT'S OBLIGATED TO FOLLOW
17   THAT HAS EVER LOOKED AT THE CONTENT OF THE COMMUNICATION.
18            THE, UH, THE KIGHT CASE WHICH TALKED ABOUT SOME OF
19   THE FACTORS THAT MIGHT BE INVOLVED ON A SUMMARY JUDGMENT AND
20   WHETHER THE CASE IS -- COMMUNICATION IS CONFIDENTIAL, NONE
21   OF THOSE FACTORS HAVE TO DO WITH THE CONTEXT LIKE WERE YOU
22   AWARE THEY WERE RECORDING, DID YOU KNOW, THINGS OF THAT
23   NATURE, BUT NOTHING THAT RELATES TO THE CONTENT OF THE
24   COMMUNICATION, AND THE STATUTE ITSELF DOESN'T MAKE REFERENCE
25   TO THE CONTENT OF THE COMMUNICATION.
26            SO RESPECTFULLY I DON'T BELIEVE THAT THE
27   LEGISLATIVE HISTORY STANDS FOR THE PROPOSITION THAT THE
28   COURT WAS INDICATING IT MIGHT OR THAT FREEWAY WAS INDICATING

                                                             7

 1   THAT IT MIGHT.  BECAUSE THAT LEGISLATIVE HISTORY CAN BE
```

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2   REVIEWED VERY CONSISTENTLY WITH THE EXPRESSED LANGUAGE OF

3   THE STATUTE, THE EXEMPTION THAT WAS CREATED BY THE

4   LEGISLATURE, AND WE BELIEVE THE COURT SHOULD FOLLOW THAT

5   EXPRESSED LANGUAGE.

6           THE COURT: OKAY.

7           MR. WENTZ: I'D ALSO LIKE TO ADDRESS -- I'LL SIT DOWN

8   NOW -- THE 632.7 ISSUE, THE CELL PHONE STATUTE AND

9   CONFIDENTIALITY, BUT IT -- (INTERRUPTED)

10

11                  (SPEAKING SIMULTANEOUSLY)

12

13          THE COURT: SOME OF THE -- CONFIDENTIALITY OR

14  -- (INTERRUPTED)

15          MR. WENTZ: YEAH, WHEN THERE IS NO REQUIREMENT FOR

16  CONFIDENTIALITY.

17          THE COURT: BUT -- LET'S HOLD OFF ON THAT. WHY

18  SHOULD I SUSTAIN YOUR DEMURRER?

19          MR. JACOBS: BECAUSE COUNSEL'S INTERPRETATION OF THE

20  LEGISLATIVE HISTORY IS INCORRECT, YOUR HONOR. THIS COURT IS

21  RIGHT. THE LEGISLATIVE HISTORY CONFRONTED

22  -- (INTERRUPTED)

23          THE COURT: THE COURT'S NOT QUITE YET -- QUITE RIGHT

24  YET.

25          MR. JACOBS: CORRECT. THE LEGISLATIVE HISTORY

26  CONFIRMS IT WAS NOT INTENDED TO APPLY TO THE TYPE OF REGULAR

27  ORDINARY COURSE OF BUSINESS, PHONE CALLS AT $5,000 A PENALTY

28  THAT ARE AT ISSUE HERE, AND THE PLAINTIFF AGREES. AND, IN

                                                                        8

1   FACT, IN THE OPPOSITION THE PLAINTIFF AGREES THAT THIS TYPE

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
 2    OF MONITORING WAS NOT INTENDED TO BE COVERED WITHIN CIPA.
 3    THAT'S RIGHT IN -- THAT'S IN TWO PLACES IN THEIR OPPOSITION,
 4    YOUR HONOR.  AND THE LEGISLATIVE HISTORY THAT WE'RE TALKING
 5    ABOUT IS BROADER THAN JUST THIS PUBLIC UTILITIES EXEMPTION
 6    WHICH DEALS WITH EQUIPMENT ISSUED BY TARIFFS REGULATED BY
 7    THE PUBLIC UTILITIES COMMISSION.  THAT'S NOT -- THAT'S A RED
 8    HERRING FROM THE BIGGER INTENT OF THE STATUTE.  AND WHILE
 9    THERE WAS -- THERE'S A CPUC ARGUMENT AND THERE'S A PUBLIC
10    UTILITIES COMMISSION ARGUMENT THAT COUNSEL'S ADDRESSING.
11    THESE CONVERSATIONS WERE IN 1966 WHEN THEY STARTED
12    ADDRESSING THESE TYPES OF ISSUES, AND SENATOR UNRUH'S BILL
13    WAS INTRODUCED AFTER THAT POINT IN TIME IN 1967.
14         THE COURT:  67.
15         MR. JACOBS:  NOW, THESE ARGUMENTS THAT COUNSEL'S
16    RAISING WERE ALL RAISED IN THE PAPERS.  WE'VE FULLY BRIEFED
17    THIS.  THE COURT'S CONSIDERED THIS AND WAS NOT PERSUADED
18    WHEN IT SPENT POSSIBLE TIME INITIALLY, AND I DON'T THINK THE
19    ARGUMENTS MADE NOW CHANGE ANYTHING THAT HASN'T ALREADY BEEN
20    ARGUED IN THEIR PAPERS.  NOW, THERE IS -- THEY'VE RAISED
21    THIS FALKNER CASE.  THE FALKNER CASE DEALS WITH THE CONTENT.
22    DOES THE CONTENT OF A CALL MAKE A DIFFERENCE?  AND THAT
23    CERTAINLY IS AN INTERESTING CASE THAT IS GOING TO BE A
24    POTENTIAL CLASS CERTIFICATION BUSTER AT THAT STAGE IF WE
25    REALLY HAVE TO CONSIDER THE CONTENT OF TENS OF THOUSANDS OR
26    FIVE HUNDRED OR A THOUSAND CALLS, BUT THAT'S NOT -- THAT
27    CASE DOESN'T DEAL WITH THE LEGISLATIVE HISTORY.  KIGHT HAS
28    NOTHING TO DO WITH LEGISLATIVE HISTORY.

                                                                  9
 1         ALTHOUGH KIGHT DOES DISAGREE WITH FLANNIGAN'S
```

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2  ASSESSMENT, IN OUR OPINION, THAT CONTENT OF A CALL IS
3  IRRELEVANT. BECAUSE KIGHT TALKS ABOUT CALLS MUST BE
4  ANALYSED IN TERMS OF THE REASONABLE EXPECTATION OF PRIVACY
5  BASED ON ALL OF THE FACTORS THAT ARE IN CONSIDERATION, WHO'S
6  PLACING THE CALL, THE PRIOR HISTORY BETWEEN THE PARTIES. IT
7  DOES GIVE A LAUNDRY LIST OF THINGS TO CONSIDER THAT MAY
8  BRING INTO QUESTIONS OF -- THAT MAY BRING INTO PLAY
9  QUESTIONS OF THE CONTENT. BUT AGAIN, NO LEGISLATIVE HISTORY
10 IS DISCUSSED. COUNSEL HAS NOT CITED TO ONE CASE WHERE THE
11 LEGISLATIVE HISTORY IS RAISED IN A WAY THAT REFUTES ANYTHING
12 SENATOR UNRUH OR THE LEGISLATURE WAS INTENDING.
13     AND, IN FACT, THE LEGISLATURE TOOK A LOOK AT THIS,
14 EVEN IN 1992, YOUR HONOR, WHERE THEY ENACTED SECTION 632.7,
15 IF YOUR HONOR TAKES A LOOK AT EXHIBIT B TO THEIR REQUEST FOR
16 JUDICIAL NOTICE, I'D LIKE YOUR HONOR TO SPECIFICALLY LOOK --
17 I'M SORRY -- AT PAGE 52 OF EXHIBIT B FOR A REQUEST FOR
18 JUDICIAL NOTICE, THE LEGISLATURE IS VERY CLEAR THAT THEY'RE
19 FULLY AWARE OF -- OF WHAT THE LEGISLATURE INTENDED TO DO IN
20 1967 WHEN THEY ENACTED -- AND I'LL -- LET ME KNOW,
21 YOUR HONOR, WHEN YOU'RE -- WHEN YOU'RE AT PAGE 52.
22     THE COURT: I'M GETTING THERE.
23     MR. JACOBS: OKAY.
24     THE COURT: OKAY, 52. I'M THERE NOW.
25     MR. JACOBS: UNDER CURRENT LAW, IT IS ILLEGAL -- "IT
26 IS ONLY ILLEGAL TO MALICIOUSLY INTERCEPT A CONVERSATION
27 TRANSMITTED BETWEEN THE IDENTIFIED TELEPHONES," OKAY. AND
28 IF YOU GO DOWN TO THE SECOND TO THE LAST PARAGRAPH ON PAGE

10

1  52, AB246.5, STRIKE THE APPROPRIATE BALLOTS -- THE INNOCENT

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2  AND MERELY CURIOUS OR NON-MALICIOUS INTERCEPTION OF CELLULAR

3  --

4       MS. COURT REPORTER: CAN YOU SLOW DOWN JUST A LITTLE

5  BIT, COUNSEL.

6       MR. JACOBS: I APOLOGIZE. INTERCEPTION OF CELLULAR

7  OR CORDLESS TELEPHONE CALLS THAT WERE MADE ILLEGAL. NOW,

8  THEY'RE LOOKING FOR MALICIOUSNESS. SENATOR UNRUH WAS

9  LOOKING FOR PLANNED, ASSIGNED, UNSCRUPULOUS LISTENING-IN

10 RECORDINGS, NOT TEN THOUSAND PERSONS, CLASS ACTIONS AT

11 $5,000 A PENALTY FOR ORDINARY COURSE OF BUSINESS SERVICE

12 MONITORING DESIGNED TO IMPROVE EMPLOYEE SUFFICIENCY, TO

13 IMPROVE TRAINING, TO IMPROVE THE QUALITY OF CUSTOMER SERVICE

14 AND BENEFIT THE VERY INDIVIDUALS WHO PLAINTIFF NOW PURPORTS

15 TO INCLUDE IN THE PUTATIVE CLASS. NOW, WHILE THIS IS A

16 DIFFERENT STATUTE IT RELATES TO 632.7, THEY'RE LOOKING FOR

17 MALICIOUSNESS. THE LEGISLATIVE HISTORY IS CLEAR, IT WAS NOT

18 INTENDED TO APPLY TO THE CONDUCT AT ISSUE HERE. AND THERE'S

19 NO STATE CASE THAT REFUTES THIS. YOU KNOW, COUNSEL -- I DO

20 APOLOGIZE, YOUR HONOR, FOR REFERENCING JUDGE BUCKLEY'S

21 ORDER, BUT AT THE SAME TIME BECAUSE THERE IS

22 -- (INTERRUPTED)

23      THE COURT: IT WAS TOO MUCH TO RESIST. I UNDERSTAND.

24      MR. JACOBS: IT WAS HARD TO RESIST, YOUR HONOR, BUT

25 AT THE SAME TIME -- (INTERRUPTED)

26      THE COURT: BUT IT IS INAPPROPRIATE AS MUCH AS I

27 RESPECT JUDGE BUCKLEY. GO AHEAD.

28      MR. JACOBS: IT'S A HARD ISSUE BECAUSE THERE ISN'T A

                                                              11

1  LOT OF CASE LAW ON THIS ISSUE. AND, IN MY OPINION, WHY ARE

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
 2    FEDERAL DISTRICT TRIAL COURTS ANYMORE IMPORTANT THAN
 3    SUPERIOR COURT TRIAL COURTS.  I THINK ALL OF THEIR OPINIONS
 4    SHOULD BE CONSIDERED.  YOUR HONOR IS CORRECT, THIS PUC ISSUE
 5    IS A RED HERRING FROM THE LARGER PICTURE OF WHAT AN INVASION
 6    OF PRIVACY IS.  IT CAN NO LONGER BE TOLERATED IN A FREE AND
 7    CIVILIZED SOCIETY.  THAT'S WHAT THE LEGISLATIVE INTENT IS.
 8    IT'S EXPRESSLY CODIFIED IN SECTION 630.  IT'S DESIGNED TO
 9    PREVENT THE TYPES OF INVASION THAT CANNOT BE TOLERATED IN A
10    CIVILIZED SOCIETY.  THE DREADING (PHONETIC) CASE WE CITED
11    TALKS ABOUT SERIOUS INJURY.  AB246.5 TALKS ABOUT
12    MALICIOUSNESS AS A COMPONENT.  AND SARAH UNRUH, WHICH IS THE
13    BEST SOURCE OF ALL, AND GOVERNOR REAGAN DOES NOT INTEND TO
14    PUNISH A COMPANY LIKE FREEWAY FOR DOING WHAT THEY'RE --
15    THAT'S NOT WHAT THE STATUTE WAS INTENDED TO PREVENT.
16         THE COURT:  YOU WANTED TO ADDRESS THE -- THE
17    CONFIDENTIALITY DISTINCTION IN 632.7.
18         MR. WENTZ:  YES, I WOULD.  I WOULD LIKE TO JUST
19    BRIEFLY RESPOND TO THAT IF IT'S OKAY WITH THE COURT.  SO
20    IT'S PAGE 52 WHERE COUNSEL IS REFERRING TO MALICIOUSLY, THAT
21    IS SAYING THAT UNDER THE LAW PRIOR TO ENACTMENT OF 632.7,
22    CELLULAR PHONE COMMUNICATIONS WERE NOT COVERED.  THEY
23    WEREN'T COVERED UNDER 632.  AND SO THE ONLY STANDARD
24    AVAILABLE WAS A MALICIOUS STANDARD.  SECTION 632.7 GETS RID
25    OF THAT STANDARD.  SO I'M NOT AT ALL SURE WHAT POINT COUNSEL
26    IS TRYING TO MAKE WITH REFERENCE WITH THE WORD "MALICIOUS."
27    THERE'S ABSOLUTELY NO REQUIREMENT ABOUT MALICIOUS
28    INTERCEPTION IN THE LAW AS ENACTED UNDER SECTION 632.7.

                                                              12

 1         ALSO IN TERMS OF THE LEGISLATOR'S -- THE AUTHOR'S
```

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2  INTENT, THE AUTHOR, YOU KNOW, SENATOR UNRUH SPECIFICALLY IN

3  THE ASSEMBLY BILL DIGEST, ONE OF THE KEY DOCUMENTS THAT WE

4  DO EMBRACE APPROPRIATE AS PART OF THE LEGISLATIVE HISTORY,

5  STATED THAT TELEPHONE SUBSCRIBERS ARE EXCLUDED FROM COVERAGE

6  WITH RESPECT TO THEIR USE OF SERVICE OBSERVING EQUIPMENT,

7  BUT ONLY WITH THE APPROVAL OF THE PUBLIC UTILITIES

8  COMMISSION.  THAT'S A PRETTY DARN EXPRESSED STATEMENT.  I

9  MEAN, EARLIER VERSIONS OF THE SAME DIGEST REFERENCE THAT

10  SERVICE OBSERVING IS EXCLUDED SUBJECT TO THE REGULATIONS AND

11  TARIFFS OF THE PUBLIC UTILITY COMMISSION.

12        I MEAN, THIS IS DIRECT LEGISLATIVE HISTORY SUPPORT

13  FOR THE POSITION THAT I'M MAKING WITH RESPECT TO READING THE

14  STATUTE ITSELF.  THE STATUTE'S ONLY EXCEPTION IS FOR SERVICE

15  OBSERVING DONE IN COMPLIANCE WITH THE TARIFFS OF THE PUC,

16  NOT GENERALLY.  THERE'S NOTHING ANYWHERE IN ANY LEGISLATIVE

17  HISTORY THAT SAYS ANYTHING ABOUT SECRET SERVICE OBSERVING OR

18  UNDISCLOSED SERVICE OBSERVING.  IT'S JUST -- IT'S ABSOLUTELY

19  NOT THERE.  AND THE ONLY OTHER POINT ON THE PRIOR ISSUE

20  BEFORE I MOVE BRIEFLY TO 632.7 HAS TO DO WITH THE

21  LEGISLATIVE HISTORY, AND THE COURTS HAVEN'T CONSIDERED IT.

22        THE KEARNEY CASE, WHILE IT DID NOT HAVE THIS EXACT

23  ISSUE IN FRONT OF IT, IT'S A CALIFORNIA SUPREME COURT VERY

24  LENGTHY AND VERY-WELL REASONED DECISION CITED EXTENSIVELY

25  FROM THE LEGISLATIVE HISTORY, IT INVOLVED THE CASE OF

26  BUSINESS SERVICE OBSERVING.  AND WHILE THIS ISSUE WASN'T THE

27  ISSUE IT WAS FACING, IT HAD TO DO WITH COMPARATIVE

28  IMPAIRMENT ANALYSIS WITH GEORGIA LAW.  AND IT DETERMINED,

13

1  AFTER LOOKING VERY CAREFULLY, THAT IN THIS CONTEXT, IN THE

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2   BUSINESS OF RECORDING OF PHONE CALLS, THAT CALIFORNIA'S

3   INTEREST OUTWEIGHED THOSE OF GEORGIA WITH RESPECT TO

4   BUSINESSES AND CONSUMERS.

5          SO TO SAY THAT THE SUPREME COURT OF CALIFORNIA

6   HASN'T REALLY WEIGHED IN ON THIS, IS REALLY -- THAT'S A

7   STRETCH AS WELL.  I MEAN, IT'S PRETTY CLEAR THE SUPREME

8   COURT KNEW WHAT IT WAS TALKING ABOUT, BUSINESS CALL

9   MONITORING, THOUGHT IT WAS VERY, VERY IMPORTANT.

10         SO LET ME MOVE ON TO 632.7.  632.7 HAS NO

11  REQUIREMENT FOR CONFIDENTIALITY.  AND EVERY CASE -- I MEAN,

12  THEY'RE ALL FEDERAL -- BUT EVERY CASE THAT'S EXPRESSLY

13  LOOKED AT THIS ISSUE HAS SAID, AND THEY'RE CITED IN OUR

14  OPPOSITION, AND EVERY ONE OF THEM SAYS THAT THERE IS NO

15  CONFIDENTIAL COMMUNICATION REQUIREMENT, ANY COMMUNICATION.

16  SO THIS CONSTANT SERVICE OBSERVING, BECAUSE IT'S NOT SECRET

17  OR IT'S NOT CONFIDENTIAL IS EXCLUDED WOULD NOT APPLY TO A

18  632.7 CLAIM.

19         AND ALL THOSE CASES THAT I CITED TO THE COURT

20  INVOLVED BUSINESS CALL MONITORING.  AND THERE WAS ANOTHER

21  CASE THAT CAME AFTER -- YOU KNOW, IT'S MORE OF THE SAME --

22  BUT IT'S SIMPSON VERSUS VANTAGE HOSPITALITY.  IT'S 2012

23  WESTLAW 602, 5772.  I'D BE HAPPY TO PROVIDE THAT TO THE

24  COURT.  ANOTHER CASE THAT ALSO SAYS THAT SECTION 632.7 HAS

25  NO REQUIREMENT FOR CONFIDENTIALITY AND THAT IT'S NOT -- THIS

26  WHOLE SERVICE OBSERVING ARGUMENT IS INAPPLICABLE TO IT.  SO,

27  YOU KNOW, WITH THAT BEING SAID, YOUR HONOR --

28         THE COURT:  YOU WANT TO ADDRESS THE CONFIDENTIALITY

                                                            14

1   ISSUE?

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
 2          MR. JACOBS:  WE CITED CASES THAT THE EXTENSION OF
 3    CIPA IN 632 WAS INTENDED TO SHIFT OVER TO CELLULAR PHONES
 4    THE SAME PROTECTIONS AFFORDED UNDER WIRED COMMUNICATIONS.
 5    WE CITED -- WE DISCUSS THIS IN OUR BRIEF, BUT THE REALITY IS
 6    632.7 STILL FALLS UNDER THE LARGER SCOPE OF THE CIPA, AND WE
 7    HAVE TO LOOK AT WHAT THE INVASION OF PRIVACY ACT WAS TRULY
 8    INTENDED TO PREVENT.  NOW, KEARNEY IS A SUPREME COURT CASE.
 9    THAT'S TRUE.  BUT IT ANALYSED THE CIPA SOLELY UNDER A CHOICE
10    OF LAW ANALYSES.  IT HAD NOTHING TO DO WITH THE LEGISLATIVE
11    HISTORY.
12          THE SUPREME COURT DIDN'T CONSIDER THE LEGISLATIVE
13    HISTORY OF WHAT WAS TRULY INTENDED.  SO AGAIN, THAT CASE
14    DEALS WITH OTHER ISSUES, CHOICE OF LAW ISSUES THAT MIGHT
15    HAVE BEEN RELATIVE THE FIRST TIME WE WERE HERE ON OUR FIRST
16    DEMURRER WHEN WE WERE DEALING WITH MULTIPLE DIFFERENT
17    STATES, BUT THAT'S NOT AN APPLICABLE CASE NOW WITH RESPECT
18    TO THE ISSUES THAT THIS COURT IS CONSIDERING.
19          THE COURT:  WHAT ABOUT THIS ARGUMENT THAT 632.7 IS
20    REALLY SUPPOSED TO -- 632 THAT ANY FAILURE TO INCLUDE THE
21    CONFIDENTIALITY LANGUAGE IS JUST AN OVERSIGHT FOR THE COURT
22    TO READ IT --
23          MR. WENTZ:  WELL, YOUR HONOR, IT'S CLEARLY NOT AN
24    OVERSIGHT BECAUSE THE AUTHOR, SENATOR CONNALLY -- AND I
25    BELIEVE WE CITED THIS IN OUR OPPOSITION PAPERS --
26    SPECIFICALLY ASKED THE LEGISLATIVE COUNSEL WHAT THE
27    SIGNIFICANCE WAS OF ELIMINATING THE WORD "CONFIDENTIAL."
28    AND THE LEGISLATIVE COUNSEL RESPONDED THAT IT'S GOING TO

                                                              15

 1    INCLUDE ALL COMMUNICATIONS, NOT JUST CONFIDENTIAL ONES, AND
```

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2   IT'LL BE DIFFERENT FROM SECTION 632. AND THEN

3   SENATOR CONNALLY WENT AHEAD AND PUT THAT LANGUAGE FORWARD.

4   THE FLANNIGAN CASE, ANOTHER SUPREME COURT CASE -- ALTHOUGH

5   IT WASN'T A HOLDING. IT WAS A DICTA -- AND FLANNIGAN

6   DESCRIBED SECTION 632.7 AS PROHIBITING THE RECORDING OF ANY

7   COMMUNICATION, NOTWITHSTANDING WHETHER IT'S CONFIDENTIAL.

8            THERE IS NO AUTHORITY AT ALL, OTHER THAN VERY

9   VAGUE LANGUAGE IN THE LEGISLATIVE HISTORY THAT WERE TRYING

10  TO EXTEND PROTECTIONS TO CELLULAR PHONE COMMUNICATIONS,

11  WHICH OBVIOUSLY THAT THOUGHT WAS TO MAKE UP WHAT THE POINT

12  WAS IS TO TRY TO GET SIMILAR PROTECTIONS. THERE'S NO

13  AUTHORITY TO SUGGEST THAT THE CELL PHONE COMMUNICATIONS HAVE

14  A CONFIDENTIALITY REQUIREMENT. AND, IF YOU'LL LOOK AT THE

15  -- GOING BACK TO THE VERY FIRST THING THE COURT SAID ABOUT

16  LEGISLATIVE HISTORY AND OTHER INDICIA, YOU LOOK AT THE WORDS

17  IN THE STATUTE AND YOU HAVE SIDE-BY-SIDE ONE THAT SAYS,

18  "CONFIDENTIAL" AND DEFINES IT AND ONE THAT DOESN'T. I MEAN,

19  THAT REALLY SHOULD BE A KIND OF PICTURE OF LEGISLATIVE

20  WORDING CLARITY. THAT SHOULD BE THE END OF IT.

21           THE COURT: OKAY. CAN I READ CONFIDENTIALITY INTO

22  632.7?

23           MR. JACOBS: WELL, I'M GONNA -- I THINK THAT

24  YOUR HONOR CAN BECAUSE THEY WERE EXTENDING 632 TO 632.7.

25  BECAUSE IN 1992 SOMEONE REALIZED THAT PHONE -- THAT

26  TELEPHONES WITH WIRES INTO A WALL WAS STARTING TO BECOME

27  OUTDATED WITH CORDLESS PHONES AND CELLULAR PHONES. THAT'S

28  THE ONLY REASON THAT STATUTE WAS CREATED. BUT --

16

1   YOUR HONOR, I APOLOGIZE FOR NOT STANDING -- AT THE SAME

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
```

2   TIME, IT DOESN'T MATTER BECAUSE THIS LACK OF CONFIDENTIALITY

3   IN THE STATUTE STILL DOESN'T RELATE TO WHAT TYPES OF CALLS

4   CAN BE RECORDED AND WHAT TYPES OF CALLS SIMPLY IT WAS NOT

5   INTENDED TO APPLY TO AND ORDINARY BUSINESS CALL MONITORING

6   CAN BE DONE -- CONFIDENTIAL COMMUNICATIONS THAT CAN BE DONE

7   AND NON-CONFIDENTIAL COMMUNICATIONS. ADDING THAT LANGUAGE

8   INTO THE STATUTE DOESN'T IMPACT THE OVERALL LEGISLATIVE

9   HISTORY OF WHAT TYPES OF PHONE CALLS THE CIPA WAS INTENDED

10  TO APPLY TO AND WHAT IT WAS NOT, WHETHER THEY WERE

11  CONFIDENTIAL OR OTHERWISE. THAT'S THE QUESTION THIS

12  CONFIDENTIALITY ISSUE ONLY COMES INTO PLAY WITH RESPECT TO

13  -- IF THIS COURT GETS PAST THE LEGISLATIVE HISTORY ISSUE.

14          THE COURT: VERY WELL. IT REMAINS AN INTERESTING

15  ISSUE FOR BOTH SIDES THAT SINCE -- SINCE LIKELY THAT THERE

16  MAY BE OTHER COURTS -- DISTRICT COURTS, OF COURSE, DOWN THE

17  STREET, IT MAY MAKE IT THERE, AND WE MAY SEE THESE ISSUES

18  AGAIN. BUT IN TERMS OF MY RULING TODAY, I STILL THINK THAT

19  IF YOU LOOK AT IT ALL IN TERMS OF LEGISLATIVE HISTORY FROM

20  MY READING OF IT, PARTICULARLY, YOU KNOW, THE ASSEMBLY

21  SPEAKER OF THE HOUSE AND THE INTERESTING COMMENTS TRYING TO

22  DESCRIBE WHAT THE BILL IS MEANT FOR, THAT WE'RE NOT REALLY

23  TALKING ABOUT THE NORMAL BUSINESS MONITORING FOR CUSTOMER

24  SERVICE PURPOSES AND MAKING THAT A CRIME PUNISHABLE UNDER

25  THE PENAL CODE. I DON'T THINK THAT'S WHAT WAS INTENDED

26  HERE.

27          SO I'M GOING TO SUSTAIN THE DEMURRER. I THINK

28  THERE'S NO PURPOSE IN GRANTING LEAVE TO AMEND. WE'VE BEEN

17

1   OVER IT A COUPLE OF TIMES. I THINK, IF YOU'RE GOING TO

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
 2     PERSUADE ANYONE ON FURTHER ARGUMENT ON THIS MATTER, IT'S NOT
 3     GOING TO BE ME.  IT WILL BE PERHAPS DOWN THE STREET, IF AT
 4     ALL.  SO I WILL SUSTAIN WITHOUT LEAVE TO AMEND.  I THANK ALL
 5     PARTIES FOR THEIR ENLIGHTENING PRESENTATIONS ON THESE
 6     ISSUES, AND I LOOK FORWARD TO SEEING YOU IN THE FUTURE.
 7          MR. JACOBS:  THANK YOU, YOUR HONOR.
 8          THE COURT:  ALL RIGHT.  THANK YOU.
 9          MR. JACOBS:  WE'LL GIVE NOTICE.
10          THE COURT:  YES.  THANK YOU.
11
12               (THE PROCEEDINGS ADJOURNED)
13                        ~oOo~
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 1          SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2        FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT
 3     DEPARTMENT NO. 68            HON. MARK V. MOONEY, JUDGE
 4     JUSTIN LOPEZ,                    )
                                        )
 5                    PLAINTIFF,        )
```

```
DOCSEN-#316021-v1-COURT_-_1-15-13_TRANSCRIPT_OF_HEARING.TXT
        VS.                                    )
 6                                             )CASE NO. BC475077
                                               )
 7      FREEWAY INSURANCE SERVICES, INC,       )
                                               )
 8                                             )
                                  DEFENDANT.   )
 9      _____  )

10

11
        STATE OF CALIFORNIA          )
12                                   )     SS
                                     )
13      COUNTY OF LOS ANGELES        )

14

15              I, MONIQUE L. OSBY, OFFICIAL COURT

16      REPORTER OF THE SUPERIOR COURT OF THE STATE OF

17      CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY

18      CERTIFY THAT THE FOREGOING PAGES 1 THROUGH 17

19      INCLUSIVE, COMPRISE A FULL, TRUE, AND CORRECT

20      TRANSCRIPT OF PROCEEDINGS HELD IN THE ABOVE-ENTITLED

21      MATTER ON JANUARY 15, 2013.

22              DATE:   9TH DAY OF FEBRUARY, 2013

23

24      _____ CSR 12442

25
              MONIQUE L. OSBY, OFFICIAL REPORTER
26
                           --*--
27

28
```